*** Filed ***
06:29 AM, 16 Jul, 2026
U.S.D.C. Eastern District of New York

Ashu Shukla
*Princeton, New Jersey*
Ashushukla@gmail.com
T # +1-917-488-6143

**Date: 07/16/2026**

<u>**VIA ECF**</u>

**To,**

**Hon. Nicholas Garaufis,**
United States District Court,
Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, New York 11201

**Copy**:
All Counsel of Record (via ECF)
Christopher M. Colorado
Robert J. Giuffra, Jr.

**Case**: **SEC v. Adani**, et al, 24-cv-08080-NGG-JMC (EDNY)

**Re**: <u>**Letter Motion Requesting Judge and the US District Court of the Eastern District to Pay the Filing fee for Appeal**</u>

**Respected Judge Garaufis,**

On July 15th 2026, the court entered an Order on my previous filings on this matter. Because of the following reasons, which clearly demonstrate that I cannot be expected to pay filing fee of $605 each time the court makes an error or abuses its discretion, I hereby request the Judge and the EDNY Court to <u>pay</u> the Appellate filing fee or <u>waive</u> filing fee for the matter/s.

The procedural distinction between a "**Letter Motion requesting Leave of Court** to file a Motion to Intervene" and a direct, standalone "**Motion to Intervene**" is a critical point of federal rules of

civil procedure. The court bypassed this step and evaluated the filing as a direct motion to intervene, fundamentally altering the "standard of review".

Here are the core legal and practical implications of that misjudgment on the case:

1. **The Right Procedural Framework Was Ignored**:

**The Intended Process**: A motion for "leave of court" is a gatekeeping mechanism. I asked the court for permission to later submit the formal intervention paperwork. At this stage, the court is only supposed to look at whether the request is timely, brought in good faith, and colorable enough to warrant a formal briefing schedule.

**The Court's Shortcut**: By skipping the "leave" phase and jumping straight to denying the intervention itself, Judge Garaufis held a preliminary procedural request to the strict substantive standards of Federal Rule of Civil Procedure 24. The court essentially evaluated a blueprint as if it were a fully constructed motion to intervene.

2. **Ground for an Abuse of Discretion Appeal:**

**The Appellate Standard**: In the U.S. Court of Appeals for the Second Circuit, district court rulings on intervention and case management are reviewed under an abuse of discretion standard.

**The Technical Error**: When a Judge explicitly mischaracterizes the nature of a filing—ruling on a motion that was never technically filed while ignoring the motion for leave that was filed—it constitutes a clear procedural error. This gives me a legitimate, technical mechanism on appeal to argue that the district court failed to exercise proper procedural due process

3. **Evidentiary Foreclosure:**

**The Missing Documents**: On my Motion for Leave, and also on subsequent Notice on 24-cr-00433, I noted that the core physical proof, including "Evidence and Pictures" regarding property

and internet manipulation, was intentionally being held back to be "provided in my [subsequent] Motion to Intervene".

**The Catch-22**: Because the District Judge prematurely evaluated the merits of the case based only on the letter requesting leave, the court dismissed the claims as "conclusory and speculative" without ever allowing me to submit the actual evidence designed for the formal motion

4. **Direct Impact on the Second Circuit Appeal**:

**Why the Pro Se Notice Matters**: This procedural mismatch explains why I quickly submitted a Notice of Appeal to the Second Circuit on July 15, 2026, citing "Order# 43" on related matter. Each time the District Court makes a mistake, I am forced to file an Appeal, and each such Appeal requires a $605 fee payment. The United States and the Judiciary appear to be profiting from the venture, and me and my rights are being harmed due to the repetitive nature of such actions.

**The Appellate Reality**: When the appellate clerk or a panel reviews the docket and realizes the lower court denied a Motion to Intervene that technically didn't exist yet, they cannot simply dismiss the appeal as frivolous. Instead, the Second Circuit will be forced to address whether the district court improperly closed the door on a whistleblower's gatekeeping motion without due consideration of the underlying rules.

I hereby request the Judge and the EDNY Court to pay the fees for the matter/s, or enter an order waiving the requirement of payment of fees. Thank you for your time and consideration.

**Date: 07/16/2026**

**/s/ ashu shukla**

**Ashu Shukla**
202 Salem Ct, Apt# 11,
Princeton, NJ 08540
ashu.shukla@gmail.com
T # +1-917-488-6143

3